IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02014-WYD-CBS

LUFT FARMS, LLC, a Colorado limited liability company, ALLEN REUTER and CONNIE REUTER,

    Plaintiffs,

v.

THE WESTERN SUGAR COOPERATIVE, a Colorado Cooperative Corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed or produced by either plaintiff or defendant that are "CONFIDENTIAL" within the meaning of this Order.

2. As used in this Protective Order, "document" is defined as provided in Colo. R. Civ. P. 34(a)(1). A draft or non-identical copy is a separate document within the

1

meaning of this term. "Information" includes documents as well as information not in documentary form.

3. Confidential information shall be designated as CONFIDENTIAL by stamping, placing or affixing "CONFIDENTIAL " on each page of the copies of the documents produced in a manner that will not interfere with the legibility of the documents.

4. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as such and shall be subject to the provisions of this Protective Order. In the case of deposition testimony, a party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript may be designated confidential. A party may designate any portion of a deposition as "CONFIDENTIAL" after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within 10 business days after notice by the court reporter of the completion of the transcript.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said

attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.  the parties;

d.  expert witnesses and nontestfying expert consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.  the Court and its employees ("Court Personnel");

f.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.  deponents, or witnesses at trials or hearings;

h.  former officers and directors of the Cooperative; and

i.  other persons by written agreement of the parties. In the event that the parties, after counsel meet and confer, are unable to agree on whether the CONFIDENTIAL information can be disclosed to a person other than those persons identified in subparagraphs (a)-(h) above, the party seeking to disclose the CONFIDENTIAL information shall arrange for a conference telephone call to the Magistrate Judge to address the issue and if unresolved as a result of that conference, the party seeking to disclose the CONFIDENTIAL information shall file an appropriate motion requesting that the Court determine whether the CONFIDENTIAL information can be disclosed to the person subject

to the terms of this Protective Order. The party who wishes to disclose the CONFIDENTIAL information to a person other than the persons identified in subparagraphs (a)-(h) shall bear the burden of establishing that good cause exists for such disclosure.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto stating that he or she has read this Protective Order and agrees to be bound by its provisions.

7. If any party receiving documents or information designated as CONFIDENTIAL under this Protective Order is subpoenaed in another action or proceeding or served with a document demand that seeks documents or information designated as CONFIDENTIAL under this Protective Order, the party served with the subpoena or document demand shall give prompt written notice to counsel for the parties in this action prior to the deadline for complying with the subpoena or responding to the document demand.

8. Either party may attempt to introduce into evidence relevant CONFIDENTIAL information at the trial of this action, subject to whatever further protective orders the trial court imposes at the time of the offer. If any CONFIDENTIAL documents or information is incorporated into a court filing, the information or documents shall be filed under seal or its equivalent.

4

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The party who designated the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists to treat the information as confidential and protected under the terms of this Protective Order.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such material in accordance with the provisions of this Protective Order.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.

DATED THIS _____ DAY OF _____ 2009.

_____
District Court Judge

5

STIPULATED AND AGREED TO THIS  29th  DAY OF  MAY  ,
2009, BY:


_____
JAMES W. HUBBELL
ATTORNEY FOR PLAINTIFF


_____
MARC D. FLINK
ERICA GANN KITAEV
ATTORNEYS FOR DEFENDANT

6

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have read the Stipulated Protective Order entered in *Luft Farms and Allen Reuter v. The Western Sugar Cooperative*, Case No. 08-cv-02014-WYD-CBS, understand its contents, and agree not to make any disclosures of information, documents, tangible things, testimony, or other data marked or identified and produced as Confidential Material in this litigation to any person who is not permitted to have access under the Protective Order. I further agree to use information, documents, tangible things, testimony, or other data identified and produced as Confidential Material solely for purposes of this litigation proceeding, but nothing contained herein shall impose any new or additional duties with respect to use or disclosure of any documents, data or information I already had before it was produced as Confidential Material in this litigation. I agree that any dispute concerning enforcement of this Agreement may be decided by the judge in the referenced litigation.

DATED THIS _____ DAY OF _____ 2009.

Signature: _____

Name: _____

Address: _____

_____

Phone: _____